## OCTOBER TERM 1896.

MARTIN BUTZEL ET AL. V. VICTOR H. LANE, CIRCUIT JUDGE OF LENAWEE COUNTY.

GARNISHMENT PROCEEDINGS—DISMISSAL OF FOR LACHES IN BRINGING THE STATUTORY ISSUE TO TRIAL.

Relators applied for *mandamus* to compel the respondent to vacate orders dismissing, on the motion of the garnishees, certain garnishment proceedings instituted against them, because of the laches of relators in bringing the statutory issues to trial. An order to show cause was granted, and on the hearing had October 13, 1896, on petition and answer a writ of *mandamus* was denied.

*John E. Bird (Sloman, Groesbeck & Robinson*, of counsel), for relators, contended:

1. That upon the facts as alleged by relators, and under the decisions of the Court, respondent was not warranted in dismissing the garnishment proceedings, and allowing the garnishee defendants $50 as costs in each case.

2. That How. Stat. § 8070, provides that:

"If the plaintiff obtain judgment against the principal defendant in the circuit court, and the latter does not, within two days thereafter, serve upon the garnishee notice of motion for new trial, or of his intention to remove the cause to the Supreme Court, the statutory issue shall stand for trial at the term of the court, on the docket containing the suit in the order of formation of such issue: *Provided* that in case the suit be on the court docket, and a jury be demanded by the garnishee, the court shall appoint a day for the jury trial of such cases, unless the jury be dismissed, and in that event the case shall stand on the jury docket of the next term: *Provided* further, that continuances may be applied for and granted, as in ordinary cases, and that the plaintiff shall cause the clerk to place the case on the docket in its proper position, and shall give notice thereof in writing to the garnishee at the same time."

That if this provision is mandatory, it follows that, unless it is strictly complied with, the garnishee suit will be dismissed unless noticed for hearing, as therein provided, at the same or the succeeding term.

3. That there has been as yet no case which holds litigants to a strict adherence to these provisions; that the strongest case cited by the garnishees on the hearing below was *Blake v. Hubbard*, 45 Mich. 1; that the trend of the later decisions indicates a purpose on the part of the court to retain the garnishee proceedings, unless the delay is characterized by a spirit of neglect bordering on wantonness; citing *Webber v. Bolte*, 51 Mich. 113; *Kiely v. Bertrand*, 67 Id. 332; *Meigs v. Weller*, 90 Id. 629; *Cluett v. Rosenthal*, 100 Id. 193; that there can be no doubt but that the grounds set up in the affidavits of the relators would have supported a motion for a continuance of the garnishee case.

4. That the statute intends that the garnishee proceedings shall not be unnecessarily delayed, because they tie up and harrass the garnishee, when, as a matter of law, he is entitled to an early hearing; that it cannot be claimed that the garnishees in these cases have been tied up; that they, on the hearing of the motion to extend the time in which to file a demand for a statutory issue, stated that they were not ready for trial; that they would not, and did not wish to go to trial; that they were standing up for their legal rights.

5. That relators are in no way responsible for any delay that may have occurred, but, on the contrary, have been anxious for a trial; that if any fault is shown it is chargeable to the relators' counsel, for which relators are not to blame; that it would work great injustice to relators if the garnishee proceedings must be dismissed, when the only ground for such dismissal is the claimed delay in bringing the same to trial, in the face of the admission of the attorneys for the garnishees that they did not wish to go to trial, and were not prepared for trial.

*Watts, Bean & Smith*, for respondent, contended:

1. That there is nothing in the statute or in the decisions of this Court tending to indicate that the dismissal or refusal to dismiss garnishment proceedings is, in any sense, within the discretion of the court; that in every case in which the question has been raised it has been held that a failure on the part of the plaintiff to comply with the statute as to bringing the statutory issue to trial, entitled the garnishee to a dismissal of the garnishment proceedings unless he had waived such right; and in every case in which such dismissal has been denied this Court

has based its action upon the ground of such waiver; that if such right has been waived, the exercise of a discretion to dismiss by the lower court will be reversed, as in *Webber v. Bolte*, 51 Mich. 113.

2. That the case of *Meigs v. Weller*, 90 Mich. 629, in no sense indicates a different rule; that, on the contrary, it was alleged and admitted, or at least not denied, which amounts to an admission, that the garnishee had consented to a delay, hence the dismissal of the proceeding would have been error.

3. That the claim that it was held in *Cluett v. Rosenthal*, 100 Mich. 193, that either party might notice the statutory issue for trial is untenable; that it was said in that case "that the garnishee defendant waived his right to have the case tried at the term at which judgment was rendered against the principal defendants by noticing the case for a subsequent term, and in that term consented that the case be continued; that having waived the statutory right, the case must thereafter proceed as other issues of fact, subject to notice by either party."

The facts as established by the answer of the respondent were:

1. That on November 11, 1893, at the suit of the relators three writs of garnishment were sued out of the circuit court for Lenawee county, to each of which, on November 25, 1893, the garnishees therein named filed a disclosure, in which they denied all liability to the principal defendant; that on December 13, 1893, demands for the examination of said garnishees before respondent on December 23, 1893, were made, and notice thereof given; that by consent of all parties said examinations were continued from time to time until October 16, 1894, when said garnishees appeared for examination, but, the court stenographer being absent, it was agreed that said examinations should be dispensed with, and that relators should have 30 days in which to file interrogatories, to be answered by the garnishees; that on November 12, 1894, said interrogatories were filed and copies served; that on November 23, 1894, the answers of said garnishees thereto were filed with the clerk of said court.

2. That, as appears by the records in the cases, no further steps were taken therein until February 18, 1895, when relators, by their attorneys, filed a demand in each case for the trial of the statutory issue framed therein; that on March 20, 1895, the attorney for the garnishee defendants entered a motion to strike from the files said demands for trial on the ground that they were not filed within the time allowed by law.

[Under How. Stat. § 8068, the relators had ten days after the filing of the answers to said interrogatories in which to file said demands. EDITOR.]

That on or about May 1, 1895, said motion, as also a counter motion for an extention of time in which to file said demands, came on for hearing; that counsel for the garnishees contended that the court had no power under the statute to grant said counter motion, whereupon, at the request of Mr. Sloman, of counsel for relators, the argument of the motion was postponed until July 5, 1895, to enable him to examine the question and cite authorities; that on the adjourned day it appeared to respondent, from statements made by counsel for relators, that an act had been passed by the Legislature of 1895 relative to the matter; that respondent, not being fully advised as to the terms of said act, the decision of said motion was held open, but the trial of said causes was in no manner continued until the next term of court, or any other term; that on July 5, 1895, judgment for $1,746.08 was rendered in behalf of relators and against the principal defendants; that on August 12, 1895, respondent passed upon said motion, and made an order extending the time in each of said cases in which relators might file a demand for the trial of the statutory issue framed therein; that on August 14, 1895, said demands were filed.

[Act No. 178, Laws of 1895, approved May 21, 1895, and *not* taking immediate effect, amends How. Stat. § 8068, by adding to the proviso to said original section,—that if the plaintiff or garnishee defendant shall within ten days after the filing of the disclosure, answer to interrogatories, or statement made by

the garnishee on his personal examination, file with the clerk of the court a demand for trial of the cause, it shall stand for trial in the manner provided by the act of which said section forms a part,—a provision authorizing the court upon application and showing to extend the time for filing such demand, and made said amendment applicable to pending proceedings as well as to those thereafter begun. EDITOR.]

3. That so far as the records show, and so far as the respondent has any knowledge, no further steps were taken in said causes until the same were noticed for hearing by counsel for relators at the April, 1896, term of court; that on April 22, 1896, and before the commencement of said April term, counsel for the garnishee defendants entered a motion to dismiss the garnishment proceedings on the following grounds:

a—That plaintiffs had neglected to prosecute the same within a reasonable time after rendition of judgment against the principal defendant.

b—That plaintiffs had failed to notice the same for hearing and bring the same on for hearing at the next term of court after said judgment was rendered.

c—That plaintiffs had permitted two full terms and a large part of a third term of court to pass after rendition of said judgment without so noticing said causes, and bringing the same on for trial.

That said motion was based upon the affidavit of Seth Bean, one of the attorneys for the garnishees, in which he averred:

a—That on July 5, 1895, a judgment for $1,746.08, in favor of relators, and against the principal defendants, was rendered; that on July 25, 1895, costs were taken in plaintiff's favor at the sum of $57.60; that such further steps were taxed as, on August 14, 1895, resulted in statutory issues by the filing by said plaintiffs of demands for a trial of said issues thereby made, said garnishees having prior to that time filed their disclosures and answers to the interrogatories propounded to them by plaintiffs.

b—That since the filing of said demands three full terms of court had passed, at neither of which did said plaintiffs notice said issues for trial, nor were said issues upon the calendar of said court at either of said terms.

4. That the hearing of said motion was, at the request of relators' attorneys, continued from day to day until June 13, 1896, when it was heard; that upon said hearing the court permitted the garnishees to file, for use on said hearing, the affidavits of Henry C. Smith and Seth Bean, two of their attorneys, in which it was averred:

a—That affiants, as also Adolph Sloman and John E. Bird, two of relators' attorneys, were present during the entire argument of the motions to strike from the files plaintiffs' demands for a trial of said statutory issues, and for an extention of time in which to file the same, and that R. A. Watts, who, with affiants were the attorneys for said garnishees, was present a part of the time; that while said Sloman, during his argument, may have said that relators were ready and anxious to try said issues, it was a matter of argument addressed to the court, and affiants were not called upon to answer it, and did not answer it in any way whatever.

b—That said statutory issues were not at that time docketed; that they were not in a condition for trial, no legal demand for such trial having been filed, as was contended by affiants, and practically conceded by the attorneys for relators; that at the conclusion of the argument the court withheld his decision; that at that time nothing was said about continuing said issues for trial, nor were the same continued, nor was there any understanding upon the part of the court or of counsel that said issues should be continued for trial; that there was nothing to continue, as said issues were in no shape docketed or in a condition to be docketed; that it was not then determined by the court whether or not there was to be a trial thereof.

c—That the jury work of the term had been completed, except that the jury were to be called back to try two or three special cases; that when the order extending the time in which plaintiffs might file said demands for a trial of said statutory issues was made, which was on August 12, 1895, the jury had been discharged, and there was no opportunity to try the same.

d—That there was ample opportunity to try said issues at the October, 1895, term of court had counsel so desired; that it was not a crowded term; that all of said term was not fully occupied with the trial of causes; that neither the court nor jury were fully occupied during the December, 1895, term of court, and had said issues been on the docket for trial there wold have been ample time in which to have tried the same.

5. That R. A. Watts, one of the attorneys for the garnishees, during his argument in support of the motion to dismiss, stated to respondent in substance that his clients did not wish to go to trial; that they were standing on their legal rights, which respondent interpreted at the time as meaning that the garnishees objected to trying said issues, not because they were not ready, but because under the law they were not compelled to try them at all at any time; that respondent at that time, finding that relators had been guilty of such negligence and omission to comply with the law as warranted and enforced the dismissal of said garnishment proceedings ordered each of them to be dismissed, and made such order in regard to the costs-therein as he deemed to be reasonable and proper under the circumstances, he being fully advised as to the services performed by the counsel for the garnishees.

6. That the court was unable to find that counsel for said garnishees had at any time or in any manner waived any of the legal requirements of the statute, and did find that counsel for plaintiffs had negligently omitted to comply with the statute requiring plaintiffs to bring said issues to a speedy trial.

7. That whether or not there was ample opportunity to have tried said issues at either of the intervening terms of court if the same had been docketed and a trial asked for by relators, respondent is unable to find, not feeling that the affidavits upon that question are sufficiently specific to furnish a foundation for such finding.

NOTE.

Annexed to the petition for *mandamus* were certain affidavits used on the hearing of and in opposition to the motion to dismiss the garnishment proceedings, the substance of which, in order to a more perfect understanding of the matter, is hereinafter set forth, namely:

1. On May 5, 1896, Adolph Sloman, one of relators' attorneys, made an affidavit in which he averred:

a—That affiant, and John Bird, as associate counsel, had had the charge of said garnishment proceedings from their commencement.

b—That in the course of affiants argument on the hearing of the motion to strike from the files relators' demands for a trial of the statutory issues framed in said cases, and of the counter motion for an extention of time in which to file demands for the trial of said issues, which motions were heard together, affiant announced to the court and to opposing counsel that relators were ready to proceed at once to the trial of said issues; that affiant then and there produced a copy of an amendment to the garnishee statute, the passage of which he had procured, giving the court power to extend the time in which to file a demand for the trial of the statutory issue framed in a garnishee suit, the acts of the Legislature of 1895 not having been printed.

c—That upon the close of said argument the court announced that the extention of time asked for would be granted, but that the formal order therefor would not be entered until a certified copy of said amendment had been shown to the court; that thereupon affiant announced that relators were ready to proceed to the trial of said issues if the

garnishees were ready; that Bean and Smith, two of the attorneys for said garnishees, then and there in open court stated that they were not ready to proceed with said trials at that term of court; that thereupon said cases were considered by the court and the respective counsel as continued for that term, but by some oversight no formal entry of record of such continuances was made; that on or about August 10, 1895, affiant procured a certified copy of said amendment, and caused the same to be delivered to respondent, who on August 12, 1895, caused to be entered in each of said cases an order extending the time for filing such demands for trial; that in order to avoid any technical objection affiant on August 14, 1895, filed another formal demand for the trial of said issues.

*b*—That affiant had been advised that the October, 1895, term of court extended over a period of four weeks, three of which were taken up with the trial of criminal cases, and the remaining week with the trial of two civil cases, which were entitled to precedence even had said garnishee cases been on the docket; that during the December, 1895, term of court, an adjournment of two weeks was had; that but a small number of the civil cases were disposed of, as appeared by the records of the court, to which reference was had for a more correct statement thereof.

That affiant was advised by Mr. Bird, prior to the February, 1896, term of court, that it was not likely that said garnishee cases would be reached for trial even if placed on the docket for that term; that affiant relied upon such advice, and did not notice said cases for trial for said term; that in his legal judgment, inasmuch as the cases were continued at the April, 1895, term of court with the consent of said garnishee defendants, affiant honestly believed that under the decisions of the Supreme Court said cases occupied the same *status* as any other civil cases to be noticed by either party at their pleasure; that being engaged in other litiga-

tion in the Wayne circuit court and elsewhere, except during the month of February and a portion of the month of March, 1896, affiant found it difficult to devote the time necessary for the preparation of the trial of said cases; that during the month of February and the early part of March, 1896, affiant was necessarily absent from this State to recruit his health, which had become impaired on account of overwork; that said cases are on the docket for the present term of court; that plaintiffs, who have a good and meritorious case, are ready to proceed to the trial of said cases at an early date, to be fixed by the court.

2. On May 5, 1896, John E. Bird, associate counsel for relators, made an affidavit, in which he averred:

*a*—That he was prosecuting attorney of Lenawee county; that as such he was in attendance at the circuit court for said county, during the October and December, 1895, terms, and the February, 1896, term; that the October term extended over a period of four weeks, three of which were taken up with the trial of criminal cases, and the remaining week with the trial of two civil cases, which, even if said garnishee cases had been on the docket, would have been entitled to priority.

*b*—That from the condition of the docket during the December, 1895, and February, 1896, terms of court, as appears by its records, to which reference is had, affiant was of the opinion that it was not likely that said garnishee cases would have been reached for trial during said terms if they had been upon the docket; that had such trials been possible it would hardly have been possible for affiant, through press of public and other business, to have taken part in such trials.